## ELLIOT *vs.* HEATH.

The plaintiff, having a claim against the defendant for services, the matter was submitted to arbitrators, who awarded in favor of the plaintiff. He then brought an action against the defendant to recover the value of his services, and offered in evidence the depositions and award of the arbitrators. *Held,* that they were incompetent upon the issue between the parties, as being merely the opinions of the arbitrators that the plaintiff ought to recover.

Where the plaintiff renders services under a special contract which he afterwards violates, and then brings an action to recover the value of his services, the defendant may set off any payments he has made on account of the services, and the damages he has sustained by the breach of the contract. If they are equal to the value of the services, the plaintiff is not entitled to recover. If they fall short of it, the plaintiff may recover a sum equal to the difference between them and the value of his services.

ASSUMPSIT on an account annexed to the writ, for services rendered the defendant, under which the plaintiff sought to recover a balance alleged to be due him therefor.

It appeared in evidence under the general issue, that in the year 1840 the plaintiff performed some services for the defendant, in rafting lumber, but that they were rendered under a special contract to perform an entire trip down the Connecticut river to Hartford. The defendant offered evidence to prove that in violation of the contract the plaintiff left his employment, whereby the defendant was injured, and contended that the sum already paid and credited upon the account, together with the damage he had sustained, was equal to the value of the plaintiff's services.

The plaintiff offered to prove that the parties, during the pendency of the suit, had submitted the subject matter of it to arbitrators, who made an award in writing in favor of the plaintiff, and he offered in evidence the depositions of the arbitrators, with the award annexed thereto. The evidence was excluded by the court, upon the ground that the opinions of the arbitrators were not admissible upon the trial of this issue.

The court instructed the jury that as the plaintiff had

violated the contract, he was entitled to recover of the defendant only the value of his services; that if the defendant had sustained any damage by the conduct of the plaintiff, he was entitled to have its amount deducted from the value of the plaintiff's services; and that if he had already paid the plaintiff a sum equal to the difference between the damage and the value of the services, he was entitled to a verdict, but that if the sum paid were less than that difference, the plaintiff was entitled to a verdict for the sum by which it fell short of the difference.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial, on account of the above ruling and instruction.

*Ainsworth,* for the plaintiff.

*Bellows,* for the defendant, contended that if the award were valid, it was an answer to the suit, and cited 4 *Conn. R.* 259; 11 *Johns.* 189, and 1 *N. H. Rep.* 68; and that if it were invalid, it could have no effect whatever.

GILCHRIST, J. The depositions and award of the arbitrators are in this case merely the opinions of sundry individuals, expressed in writing, that the plaintiff ought to recover, and there is no imaginable ground upon which they should have been admitted. They were therefore properly excluded.

The plaintiff cannot rest his right to recover upon the contract, for that he has violated. Whatever may have been its terms, or however he was to have been paid, whether by the month or by the day, is now all immaterial to him, so far as regards his right of action. When he refused to perform his contract, the defendant acquired a right to recover of him all the damages which such refusal occasioned. The plaintiff is entitled to recover of the defendant the value of his services; and he has no right to complain if, against that

value, the defendant be permitted to set off the payments he has made and the damages he has sustained. If they are equal to the value of the services, the plaintiff should not recover any sum whatever. If, on the other hand, they fall short, the plaintiff should recover a sum equal to the difference between them, and the value of his services. The jury have found that the payments and the damage sustained by the defendant are equal to the value of the plaintiff's services. The instructions of the court were correct, and there must be                    *Judgment on the verdict.*